UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS GAMA,<br><br>    Plaintiff,<br><br>v.<br><br>BOARD OF TRUSTEES OF CALIFORNIA STATE UNIVERSITY, et al.,<br><br>    Defendants. | Case No. 18-cv-02552-VC<br><br>**ORDER GRANTING MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 29 |

    1. Gama still does not allege a claim for gender discrimination under Title IX against any of the defendants. Gama repeats that "on information and belief" university officials "have a pattern of disproportionately sustaining findings against males." FAC ¶ 20. Although this Court found that conclusory statement insufficient in the original complaint, Gama added no facts to plausibly support it. In fact, the only added allegation in the First Amended Complaint is that San Francisco State University was on a list of schools under investigation by the U.S. Department of Education. Gama does not explain, however, how this allegation plausibly supports his claim that SFSU's investigation into the sexual harassment complaints against him was affected by bias towards men. *Cf. Doe v. Columbia University*, 831 F.3d 46, 57-58 (2d Cir. 2016).

    The primary case that Gama cites as supporting his claim, *Yusuf v. Vassar College*, 35 F.3d 709 (2d Cir. 1994), required that the plaintiff allege specific facts that show a "causal connection between the flawed outcome and gender bias." *Id.* at 715. But Gama fails to do this. He doesn't allege, for example, that on account of gender, the investigator pursued the female accusers' facts differently than Gama's. *See Doe v. Columbia University*, 831 F.3d at 56-57. Nor does Gama allege that females charged with misconduct under Title IX at SFSU are treated

differently than males. *See Ritter v. Oklahoma City Univ.*, No. CIV-16-0438-HE, 2016 WL 3982554 (W.D. Okla. July 22, 2016). Therefore, Gama's Title IX gender discrimination claim is dismissed with prejudice.

2. Though the First Amended Complaint purports to still bring a claim for damages against Hong in her official capacity, that claim has already been dismissed with prejudice. *See* Dkt. No. 20, ¶ 2.

3. Gama also failed to rectify the defects in his section 1983 claim that Hong, in her individual capacity, violated his due process rights. With respect to due process, Gama appears to assert that Hong is liable in her supervisory capacity. But Gama's claim cannot merely be one of vicarious liability, he must allege that Hong, through her own personal actions, violated his constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1069 (9th Cir. 2012). The allegations that Gama includes in his complaint, however, do not state a claim against her personally. Nowhere does Gama allege that Hong had anything but a passive role in the investigation: She was cc'd on four emails and at the time she served as Vice President for Student Affairs and Enrollment Management and Title IX Coordinator for SFSU. These facts are insufficient to establish that Hong, through her personal actions or inactions, denied Gama due process. Although it appears unlikely Gama will be able to state a claim, the Court cannot say with certainty that he will be unable to do so. Therefore, Gama's section 1983 due process claims against Hong in her individual capacity are dismissed with leave to amend.

4. Gama's contract claims are also still deficient. He fails to allege facts from which one could conclude that the general university policy stated in Executive Order 1096 created a contractual relationship between him and the University. He also fails to plausibly allege that the contract between his employer ASI and the University – even if it does incorporate the EO 1096 as a contractual provision, which is doubtful – was intended to benefit him as a third-party beneficiary. Therefore, his contractual claims are dismissed with prejudice.

5. This Court gave Gama until July 30, 2018 to properly serve Begley. *See* Dkt. No. 20,

¶ 5. He has not filed a proof of service indicating that he did so. Therefore, Gama is ordered to show cause why the claims against Begley should not be dismissed without prejudice. Fed. R. Civ. P. 4(m).  Gama must file a response to the order to show cause within 7 days of this order.

      6. Any amended complaint must be filed within 21 days of this order, otherwise dismissal of all claims addressed in this order will be with prejudice.

**IT IS SO ORDERED.**

Dated: October 22, 2018

VINCE CHHABRIA
United States District Judge