UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS GAMA,<br><br>        Plaintiff,<br><br>        v.<br><br>BOARD OF TRUSTEES OF CALIFORNIA STATE UNIVERSITY, et al.,<br><br>        Defendants. | Case No. 18-cv-02552-VC<br><br>**ORDER GRANTING MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 44 |

        The Second Amended Complaint is dismissed with prejudice.

        1. Gama still fails to state a claim against Hong and Begley for violating his procedural due process rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("[E]ach Government official . . . is only liable for his or her own misconduct."); *Chavez v. United States*, 683 F.3d 1102, 1109 (9th Cir. 2012) ("[P]laintiffs cannot base a claim against supervisors on a theory of *respondeat superior*, and must instead show that the supervisors, 'through [their] own individual actions, ha[ve] violated the Constitution.'" (quoting *Iqbal*, 556 U.S. at 676)).

        Gama just added more facts about Hong and Begley's general responsibilities overseeing Title IX investigations. He didn't add any new allegations tying the administrators to Gama's specific investigation let alone the alleged constitutional violations. Gama pleads sufficient facts to support the conclusion that both Hong and Begley were aware of the investigation, but the Second Amended Complaint alleges no facts plausibly supporting their awareness, let alone personal perpetration, of the underlying due process violations. Gama alleges that the investigator did not ask him certain questions, robbing him of the opportunity to proffer various

specific types of evidence; he alleges that the investigator promised him further opportunity to provide evidence to bolster his case; he alleges that he informed the investigator that he didn't have ready access to his work email and therefore further communications should be sent to his personal mail and that because they didn't comply with that request, he missed the opportunity to appeal. But Gama doesn't plausibly allege that Hong was made aware of any of those pieces of information, and therefore he fails to plausibly allege that she had any awareness of the violations of his due process rights.

Gama does allege that he emailed these allegations to Begley on July 22, 2016, almost two weeks after he finally read the email regarding the results of his investigation, which he alleges he didn't see for nearly two months because he didn't regularly access his work email while on leave. But an email sent months after the close of the investigation – especially when the recipient, Begley, would have reasonably believed that Gama had been given opportunities to contest the sexual harassment allegations in his two meetings with the investigator and that the appeals period had passed – does "not support an inference that deliberate action or even recklessness by [Begley] caused the due process violation." *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1078 (9th Cir. 2012). Therefore, Gama's section 1983 claims against Hong and Begley are dismissed. Because Gama has already had several opportunities to cure the defects in his section 1983 claims, and because he does not seek a further opportunity to do so, dismissal is with prejudice.

2. Gama's allegations of an equal protection violation are incomprehensible. To the extent it is an attempt to resurrect the gender discrimination argument, it is barred because this Court dismissed that claim with prejudice. *See* Dkt. No. 37, ¶ 1. To the extent it is some other claim that relies on Gama's sole cited case, *Bush v. Gore*, 531 U.S. 98 (2000) (per curiam), it is frivolous and dismissed with prejudice.

3. Gama is not permitted to bring his contract claims because this Court dismissed them with prejudice. *See* Dkt. No. 37, ¶ 4. He can't get around the Court's dismissal by citing a different Executive Order than what was specifically named in the Court's Order because both

E.O. 1096 and E.O. 1097 were part of the plaintiff's contract claim from the beginning. *See* Complaint, ¶ 29, Dkt. No. 1.

    **IT IS SO ORDERED.**

Dated: April 8, 2019

                                              VINCE CHHABRIA
                                              United States District Judge